UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                             15-24874-JKO

LAWRENCE A. DALRYMPLE, SR.                         Chapter 7

    Debtor.
_____/

### SECURED CREDITOR'S VERIFIED MOTION FOR STAY RELIEF

Comes Now, Secured Creditor, Harvard Financial Services, LLC ("HFS" or "Secured Creditor"), by and through undersigned counsel, and files and serves the instant Secured Creditor's Verified Motion For Stay Relief (the "Motion") pursuant to 11 U.S.C. § 362, and states the following in support thereof:

STATE OF FLORIDA            )
                            )
COUNTY OF MIAMI-DADE        )

**I, Stuart R. Kalb, as managing member of Harvard Financial Services, LLC,** pursuant to 28 U.S.C. § 1746(2), swear under penalty of perjury to the facts set forth herein-below, based upon my personal knowledge, or on knowledge obtained by me as Managing Member of HFS in its capacity as accreditor of this Debtor, and familiarity with the public record and documents maintained in the ordinary course of business of HFS, as set forth herein-below:

### BACKGROUND

**A.    The Foreclosure Litigation**

1.    The dispute between HFS and Debtor arises out of a Final Judgment In Foreclosure, dated _July 15_, 2015, after a non-jury trial held in the Broward County Court in the final sum of $125,632.17 against the judgment debtors: Lawrence A. Dalrymple, Sr. (Debtor herein) and his daughter, Denise Dalrymple. Attached hereto as Exhibit "A" is a true and correct

copy of the Final Judgment). The foreclosure was as to a second mortgage on certain real property located at 12046 NW 49 Drive, Coral Springs, FL 33076 (the "Subject Real Property"), the legal description for which is:

> Lot 70, Block A, Wyndham Lakes Central, According To The Map Or Plat Thereof, As Recorded In Plat Book 159, Page(s) 46, Of The Public Records Of Broward County, Florida.

2. The original Lender and Judgment–holder of the Final Judgment was Wells Fargo Bank, N.A. ("WFBNA"), who in turn assigned the Final Judgment to Attorneys' Title Insurance Fund, Inc. ("Initial Assignee"), and the Initial Assignee thereafter assigned said Final Judgment to HFS, the Movant herein. True and correct copies of the assignments to Attorneys' Title and the Movant are attached hereto as a Composite Exhibit "B".

3. Foreclosure Sale of the Subject Real Property was scheduled for August 19th, 2015, (*see* Exhibit "A" and SOFA #4); but, Debtor, on the eve of the Foreclosure Sale filed this Bankruptcy Case.

4. The Subject Real Property is encumbered by both the Final Judgment (Exhibit "A"), and the undisputed, liquidated and non-contingent first mortgage of Nationstar Mortgage ("Nationstar") in the sum of no less than $743.692.22 (the "First Mortgage"). *See* DE#1, the "Petition", at Schedule "D".

5. The Subject Real Property is also encumbered by the Homeowner's Association of Gran Isles @ Wyndham Lakes HOA in the sum of $483.00, and a Home Equity Line with Specialized Loan Servicing LLC in the sum of $87,525.78). See DE#1 at Schedule "D".

6. Therefore, the sum total of undisputed, non-contingent liquidated liens (as represented by the Debtor under oath in his Schedules) on the Subject Real Property is no less than $957,333.17.

7. The Value of the Subject Real Property is no more than: $515,706.00 according to www.Zillow.com – a practical and reliable source for residential real estate values; and, $421,980.00 according to the Broward County Property Appraiser. *See* Exhibit "C" hereto (a true and correct copy of the printout from each (Zillow and Broward County)).

8. Therefore, there is no equity whatsoever in the Subject Real Property.

9. Debtor filed Chapter 7 proceeding and is not seeking to reorganize, and the Subject Real Property is not necessary to any form of reorganization, and will provide no benefit to the Estate. Despite the obvious lack of equity, Debtor has claimed the Subject Real Property as exempt on Schedule "C".

10. Furthermore, Debtor's Means Test (DE#5) reflects negative income of -$4,750.31; thus, he would have no income whatsoever to pay the instant judgment, let alone the First Mortgage, the Home Owners Association Fes or the Equity Line on the Subject Real Property.

11. The §341 Meeting of Creditors has been adjourned to October 20th, 2015; so the Trustee's position at this time is unknown *viz-a-viz* the instant Motion and the Subject Real Property (which has no equity).

FURTHER AFFIANT SAYETH NAUGHT.

_____
STUART R. KALB as Managing Member

## ARGUMENT[1]

### A.  Cause exists to grant stay relief under § 362(d)(1).

While the Bankruptcy Code provides a debtor with protections, "a creditor is not without recourse to protect its interests." *Orix Credit Alliance, Inc. v. Delta Resources, Inc. (In re Delta Resources, Inc.)*, 54 F.3d 722, 728 (11th Cir. 1995). Specifically, § 362(d) provides creditors with the ability to be relieved of the burdens of the automatic stay.

Here, cause exists for relief from the automatic stay under § 362(d)(1) because: (i) the Debtor cannot adequately protect HFS's interest in the Subject Real Property.

### 1.  The Debtor cannot adequately protect HFS's interest in the Property.

HFS is "undersecured" because there is no equity cushion to protect its interest in the Property. Addressing the issue of "adequate protection" as it relates to an "undersecured" creditor, "[t]he Supreme Court has recognized that an undersecured creditor may be entitled to adequate protection to ensure against the decline in value of its collateral." *In re Delta Resources, Inc.*, 54 F.3d at 729 (citing *United Savings Assoc. of Tx. v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365, 370 (1988). In *Delta Resources*, the Eleventh Circuit Court of Appeals determined that the bankruptcy court appropriately provided the secured creditor with adequate protection against its collateral's decline in value by making payments in the amount of accruing depreciation. *In re Delta Resources, Inc.*, 54 F.3d at 730.

Here, as HFS argues the Debtor has no ability fund a payment to HFs, given Debtor's negative income of more than $4,700.00 per month; and said Subject Real Property continues to generate expenses of incurring real estate taxes, insurance, Home Owners Association fees, as well as the interest and unpaid monthly obligations to the First Mortgage. As a result, the Debtor

---

[1] BOA incorporates the Statement of Facts filed by BOA at ECF No. _ herein as the factual statement for this Motion.

has no ability to maintain the Property. The Debtor's inability to maintain the Property will lead to a decline in value. The Debtor will be unable to make any payments to HFS in the amount of the accruing depreciation. Accordingly, the Debtor cannot adequately protect HFS's interest in the Property.

### B. Stay relief is proper under 11 U.S.C. § 362(d)(2).

#### 1. The Debtor has no equity in the Property.

As set forth above, the value of the Subject Real Property ranges between $421,000 (per Broward County Tax Collector) and $528,000.00 (per Zillow.com). However, the secured debts on the Subject Real Property exceed no less than $957,000.00 – with said debts increasing daily from past due interest to the First Mortgage holder, and the Equity Line, as well as failure to pay the Home Owner Association, as well as the underlying Final Judgment herein.

Debtor himself values the Subject Real Property at $0 – recognizing no equity whatsoever. See DE#1 at Schedule "A". Thus, assuming the Debtor's valuation is accurate, let alone that of the Broward County Tax Collector or Zillow.com, the Debtor has no equity in the Subject Real Property.

Accordingly, the secured creditors' listed (non-contingent, undisputed and liquidated per the Debtor) claims exceed the value of the Subject Real Property.

#### 2. The Debtor is not attempting to reorganize.

The Debtor cannot meet his burden to prove that the Property is necessary to an effective reorganization as he has chosen a Chapter 7 Proceeding and would not qualify for a Chapter 13 proceeding. When analyzing § 362(d)(2)(B), the United States Supreme Court stated:

> "What is required is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect.* This means . . . that

there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'"[2]

"Whether the property at issue is necessary for an effective reorganization is not dependent upon whether the property is the only asset of the Debtor or whether the Debtor is deriving income from the Property."[3] "If no reorganization of the debtor is feasible, then no property of the debtor can be necessary for that end."[4]

Section 362(d)(2)(B) "has generally been accepted to mean that either the property has sufficient equity which could be refinanced and the plan could be funded from a new loan, that the property will be sold and the sale will produce sufficient monies to fund the plan or reorganization, or the property is unique in character and it is essential to the survival of the reorganized entity."[5]

The Debtor has no equity and has no income to pay any of the secured creditors in this Case, and thus stay relief is appropriate and HFS should be allowed to immediately reset the sale and finalize the foreclosure.

WHEREFORE, HFS respectfully requests that this Court: (i) grant the Motion; (ii) modify the automatic stay to permit HFS to reset and complete a foreclosure sale of the Property; (iii) award attorney fees and costs to the Movant; and, (iv) grant any other relief the Court determines in just and proper under the circumstances.

Dated: October 21, 2015.

---

[2] *Timbers of Inwood Forest Assoc.*, 484 U.S. at 376.

[3] *In re Cobblestone Assoc.*, 141 B.R. 245 (Bankr. M.D. Fla. 1992).

[4] *Resolution Trust Corp. v. Swedeland Dev. Group, Inc.*, 16 F.3d 552, 567 (3d Cir. 1994).

[5] *See In re Royal Palm Square Assoc.*, 124 B.R. 129, 132 (Bankr. M.D. Fla. 1991).

I **HEREBY CERTIFY** that I am admitted to the Bar for the District Court in and for the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of this Motion, with all attachments, has been served via US Mail (postage prepaid first class) upon those named on the attached service list, and *via* CM./ECF, simultaneously with the filing of same with the Court this 21st day of October, 2015.

Respectfully submitted,

*/s/ JAMES B. MILLER*
JAMES B. MILLER, ESQ.
Florida Bar Number 009164
jbm@title11law.com;bkcmiami@gmail.com
JAMES B. MILLER, P.A.
Biscayne Building, Suite 416
19 West Flagler Street
Miami, Florida 33130
Telephone: (305) 374-0200
Facsimile: (305) 374-0250
*Counsel for Harvard Financial Services, LLC*