UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:  Case No. 15-24874-BKC-JKO

LAWRENCE A. DALRYMPLE, SR.,  Chapter 7

Debtor.
_____/

**TRUSTEE'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION
TO CONVERT CHAPTER 7 BANKRUPTCY CASE TO CHAPTER 13**

Chapter 7 Trustee, Kenneth A. Welt (the "Trustee"), by counsel, hereby responds to the Debtor's Motion to Convert Chapter 7 Bankruptcy Case to Chapter 13 [ECF No. 44] (the "Motion"), and requests that the Court deny the Motion, and in support thereof states as follows:

1. This case was commenced by the filing of a voluntary Chapter 7 petition on August 18, 2015. Kenneth A. Welt was appointed interim trustee and became permanent trustee by operation of law.

2. The Trustee, through undersigned counsel, is in the process of investigating several issues in this case, including whether any non-exempt assets can be recovered for unsecured creditors and whether any grounds exist to object to the Debtor's discharge, pursuant to 11 U.S.C. § 727.

3. In furtherance of the Trustee's investigation, undersigned counsel requested that the Debtor provide the Trustee with numerous documents and records.

4. Although the Debtor has provided the Trustee with some of the requested documents and records, he has not provided all of the requested documents and records. In addition, after reviewing the documents and records that the Debtor did provide, on November 14, 2015, undersigned counsel asked for additional documents and records.

5. To date, the Debtor has not provided the additional documents and records.

6. Once the Debtor provides the remaining requested documents and records,

_____

Leiderman Shelomith, P.A., Attorneys at Law
2699 Stirling Road, Suite C401, Ft. Lauderdale, FL 33312 · Tel. (954) 920-5355 · Fax (954) 920-5371

additional time will be needed for the Trustee to complete his investigation into the Debtor's financial affairs.

7. Based on the documents that the Debtor has provided, it is apparent that the Debtor owns personal property worth in excess of the Debtor's allowed exemptions.

8. Before providing the Trustee with the remaining requested documents and records, two days later, the Debtor filed the Motion, seeking to convert this Chapter 7 case to a Chapter 13 case, pursuant to 11 U.S.C. § 706(a).

9. 11 U.S.C. § 706(a) provides in part that a debtor may convert a case under Chapter 7 to a case under Chapter 13 at any time.

10. 11 U.S.C. § 706(d) provides in part that a case may not be converted to a case under another chapter unless the debtor may be a debtor under such chapter. The Debtor's right to convert is expressly conditioned on his ability to qualify as a debtor under Chapter 13.

11. A debtor must have regular income sufficient to make payments under a plan to convert a case to Chapter 13. *In re Ronald Marc Cherry*, 411 B.R. 427, 432 (Bankr. S.D. Fla. 2008).

12. According to the Debtor's Amended Schedule I and Schedule J [ECF No. 22], the Debtor's current monthly income is $6,020.00, and the Debtor's current monthly expenses are $7,103.60. The Debtor's monthly net income of -$1,083.60 is insufficient to make payments under a Chapter 13 plan. Furthermore, the Debtor stated in his Amended Schedule I that his income may be further reduced due to the economy.

13. The Motion fails to allege, or give any indication, that the Debtor has sufficient net income to make payments under a Chapter 13 plan.

14. The Debtor did not attach a proposed Chapter 13 plan to the Motion.

15. The Supreme Court addressed a debtor's right to convert from Chapter 7 to

Chapter 13 in the case of *Marrama v. Citizens Bank*, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007). The Court held that a debtor's right to convert a Chapter 7 case to Chapter 13 is not absolute, and that bad faith conduct may cause a forfeiture of any right to proceed with a Chapter 13 case.

16. A determination of whether bad faith exists is a prerequisite for conversion from a Chapter 7 case to a Chapter 13 case. *In re Yanet Alvarez*, 2011 Bankr. LEXIS 4539 (Bankr. S.D. Fla. 2011).

17. Since the Trustee has not completed his investigation into the Debtor's financial affairs, he has not yet determined whether or not he will contend that the request to convert was made in bad faith.

18. However, based on the Debtor's schedules, as amended, and the Motion, it does not appear that he is a candidate to be a debtor under Chapter 13.

19. For all of the above reasons, the Trustee requests that the Court deny the Debtor's Motion.

WHEREFORE, the Trustee respectfully requests the Court enter an order denying the Debtor's Motion, and for such other and further relief as the Court deems just and proper.

Dated: November 19, 2015

          LEIDERMAN SHELOMITH, P.A.  
          Attorneys for Kenneth A. Welt  
          2699 Stirling Road, Suite C401  
          Ft. Lauderdale, Florida 33312  
          Telephone: (954) 920-5355  
          Facsimile: (954) 920-5371  

          By:_____/s/_____  
              ZACH B. SHELOMITH  
              Florida Bar No. 0122548  
              zshelomith@lslawfirm.net

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing motion was served on November 19, 2015 via the Notice of Electronic Filing (which is incorporated herein by reference), and via U.S. Mail to Lawrence A. Dalrymple, Sr., 12046 NW 49 Dr, Coral Springs, FL 33076.

By:_____/s/_____
      Zach B. Shelomith

_____

Leiderman Shelomith, P.A., Attorneys at Law
2699 Stirling Road, Suite C401, Ft. Lauderdale, FL 33312 · Tel. (954) 920-5355 · Fax (954) 920-5371