UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                          Case No. 15-24874-BKC-JKO

LAWRENCE A. DALRYMPLE, SR.,                 Chapter 7

    Debtor.
_____/

**TRUSTEE'S OBJECTION TO DEBTOR'S SCHEDULED VALUATION OF AND CLAIMED EXEMPTIONS IN PERSONAL PROPERTY AND MOTION FOR TURNOVER**

    Kenneth A. Welt, Chapter 7 trustee (the "Trustee"), by counsel, pursuant to 11 U.S.C. §§ 522, 541 and 542 and Fed. R. Bankr. P. 4003, requests the Court enter an order disallowing the Debtor's claimed exemption(s) in certain of his personal property, as set forth below, to the extent that the value of same exceeds his allowable personal property exemption(s), and providing that the Debtor shall turn over to the Trustee his personal property, as set forth below, and states:

    1.    This case was commenced by the filing of a voluntary Chapter 7 petition on August 18, 2015 by Lawrence A. Dalrymple, Sr. (the "Debtor"). Kenneth A. Welt was appointed interim trustee and became permanent trustee by operation of law.

    2.    On the Debtor's Amended Schedule "B" [ECF No. 31], he listed the following personal property (collectively, the "Personal Property"): (a) Cash on Hand - $10.00; (b) Citibank Bank Account - $4,371.82; (c) Bank of America Bank Account - $264.81; (d) Household goods and furnishings (various items) - $700.00; (e) clothing - $ 350.00; and (f) watch and wedding ring - $100.00. He also listed a 2002 Mercedes Benz - $2,029.00 (the "Vehicle").

    3.    On the Debtor's Amended Schedule "C" [ECF No. 31], he claimed exemptions in the Personal Property totaling $5,796.63, pursuant to Fla. Const. art. X, § 4(a)(2).

    4.    However, the personal property exemption of Fla. Const. art. X, § 4(a)(2) is limited to $1,000.00. In addition, the Florida exemption for a vehicle is set forth in Fla. Stat. Ann. § 222.25(1), and is also limited to $1,000.00. Therefore, rather than being entitled to exemptions in the Personal Property and Vehicle totaling $6,796.63, the Debtor is entitled to exemptions

totaling $2,000.00.

5. As such, the Trustee objects to the Debtor's entitlement to the claimed exemption(s) in the Personal Property under Fla. Const. art. X, § 4(a)(2).

6. In addition, the Trustee believes that the Debtor undervalued the Personal Property and Vehicle. Therefore, the Trustee not only objects to the Debtor's *entitlement* to his claimed exemption(s), but the Trustee also objects to the Debtor's scheduled *valuation* of his Personal Property and Vehicle and his claimed exemptions thereof, to the extent that the value of the Personal Property and Vehicle exceeds his allowable personal property exemption(s).

7. Additionally, notwithstanding the Trustee's objection to the Debtor's claimed exemption(s), on the face of the Debtor's Amended Schedules "B" and "C", the Debtor owns property above his claimed exemptions, and as such, the Personal Property and Vehicles are partially non-exempt.

8. The Trustee therefore requests that the Court enter an order compelling the Debtor to turn over the Personal Property and the Vehicle to the Trustee, pursuant to 11 U.S.C. § 542, so that they can be administered for the benefit of the bankruptcy estate, or directing the Debtor to enter into a settlement with the Trustee to re-purchase his non-exempt Personal Property and Vehicle, should he intend to retain such assets.

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (1) disallowing the Debtor's claimed exemptions in the Personal Property, as set forth above; (2) compelling the Debtor to turn over the Personal Property and Vehicle to the Trustee; and (3) awarding such other and further relief as the Court deems just and proper.

Dated: November 19, 2015

LEIDERMAN SHELOMITH, P.A.
Attorneys for Kenneth A. Welt
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
ZACH B. SHELOMITH
Florida Bar No. 0122548
zshelomith@lslawfirm.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on November 19, 2015 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference), and via U.S. Mail to Lawrence A. Dalrymple, Sr., 12046 NW 49 Dr, Coral Springs, FL 33076.

By:_____/s/_____
Zach B. Shelomith