UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
www.flsb.uscourts.gov

In re:

   Lawrence A. Dalrymple, Sr.                 Case No. 15-24874-JKO
            Debtor.                                     Chapter 7
_____/

**EMERGENCY MOTION TO RECONSIDER THE ORDER GRANTING MOTION FOR RELIEF FROM STAY (ECF#58)**

**The Debtor requests an emergency hearing because the Creditor is moving in state court to reset the foreclosure on his homestead.**

**COMES NOW**, the Debtor, in the above styled case and files this Motion for Reconsideration of Order Granting Motion for Relief From Stay [ECF#58] and in supports states:

1. On August 18, 2015 the Debtor filed this case as a Chapter 7 bankruptcy by Attorney Dahlia A. Williams Paul, Esq.

2. On October 21, 2015, Creditor James B. Harvard Financial Services, LLC ("Harvard") moved the court for a Motion for Relief From Stay [ECF#37] and said motion was heard in front of the Court on November 17, 2015 at 10:00 AM.

3. On November 16, 2015, the Debtor, through undersigned counsel, filed a Motion to Convert to a Chapter 13 [ECF#44] in order to "make good faith payments to his creditors and to save his homestead."

4. On November 23, 2015, the Court Granted Harvard's Motion for Relief from Stay at [ECF#58].

5. On November 23, 2015 the undersigned was substituted for Ms. Williams Paul [ECF#59].

6. On November 23, 2015, Harvard moved the state court to re-set the foreclosure sale date and there is a hearing on said matter on January 5, 2016 at 8:30 AM.

**Argument**

7. From the beginning, the Debtor intended to reorganize his debts and strip off the purported second and third mortgages.

8. However, Attorney Williams Paul did not file a chapter 13 to reorganize his debts but instead filed a chapter 7 liquidation bankruptcy.

9. The initial petition was filed with numerous incorrect items including, but not limited to, listing on Schedule A the homestead at a value of $0.00; listing total unsecured claims on Schedule F totaling $316,410.37 while the Debtor's total unsecured claims is only a total of $38,815.20; listing on Schedule J negative remaining disposable income of $1,546.77 while in fact the Debtor has $3,572.74.

10. Thus, the Debtor has had the means through his disposable income to fund the chapter 13 plan.

11. Furthermore, on the Debtor's Statement of Intention, the Debtor is seeking to modify the first mortgage on the property and avoid the second mortgage using 11 U.S.C. 522(f), however no such motions were filed.

12. The Debtor's main purpose of filing his bankruptcy and the Motion to Convert to a chapter 13 is to save his homestead.

13. If the junior Creditor, Harvard is to have relief from stay and sell the homestead at foreclosure, the Debtor will not be able to reorganize his debts and lose his homestead.

14. At the time of this filing, the Debtor was not able to provide, but will provide the undersigned with an appraisal of the property and a title and lien search to establish the junior mortgages and provide a basis in which to strip off the mortgages.

**WHEREFORE**, the Debtor prays this Honorable Court enter an Order Granting this Motion to Reconsider the Motion for Relief from Stay so that the Debtor may be able to save his home in a chapter 13 bankruptcy.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Dated: December 3, 2015

        Respectfully Submitted:
        **ROBERT SANCHEZ, P.A.**
        Attorney for Debtor
        355 West 49th Street
        Hialeah, FL 33012
        Tel. 305-687-8008

By:/s/ Robert Sanchez
    Robert Sanchez, Esq., FBN#0442161