UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    15-24874-JKO

LAWRENCE A. DALRYMPLE, SR.              Chapter 7

    Debtor.
_____/

**SECURED CREDITOR'S RESPONSE AND OBJECTION TO REHEARING MOTION**

    Comes Now, Secured Creditor, Harvard Financial Services, LLC ("HFS" or "Secured Creditor"), by and through undersigned counsel, and files and serves the instant Secured Creditor's Response And Objection To Rehearing Motion, and states the following in support thereof:

1. On August 18th, 2015, the Debtor, after years of litigating the foreclosure of real property located at 12046 NW 49 Drive, Coral Springs, FL 33076 (the "Subject Real Property"), filed a last minute Petition in Bankruptcy under Chapter 7 of Title 11 the United States Code.

2. The Subject Property has been involved in no less than three separate foreclosure cases – some as early as 2009.

3. The instant Creditor's claim arises out of a mortgage the Debtor and his daughter (a licensed attorney practicing in real estate) were supposed to use to satisfy another separate mortgage on the Subject Property; but, actually did not as a result of the daughter being the purported title agent for the closing on same. The mortgage which was to be satisfied remains outstanding and led to this Creditor's claim being left in a third position rather than the second position it was supposed to be in after the closing on the Subject Property.

4. After years of litigating, the Creditor obtained a final judgment which provided for the sale of the Subject Property at foreclosure on August 19th, 2015 – all of which was delayed by the filing of the instant Petition.

5. Thereupon, the Creditor filed its Motion for Stay Relief (DE#37); which was heard by this Court on November 17th, 2015 (the "Stay Relief Hearing").

6. At the Stay Relief Hearing, the Trustee's counsel announced agreement to the stay relief requested by the Creditor, and Debtor's then-counsel,[1] Dahlia Paul, Esq., appeared *via* telephone.

7. The Court, after hearing argument, and considering the record and arguments, granted the Creditor stay relief. *See* DE#58 (the "Stay Relief Order").

8. After years of litigating and initially halting the sale of the Subject Property, the Creditor finally has relief to conclude the sale of the Subject Property – which served as collateral to the mortgage.

9. Now, at the eleventh hour again, Debtor seeks to stop the sale and has filed his Emergency Motion To Reconsider The Order Granting Motion For Relief From Stay (DE#67) [the "Rehearing Motion"] of the Stay Relief Order (DE#58).

10. The argument raised in the Rehearing Motion (DE#67) raises no legal or factual bases for rehearing under the applicable law; and should be summarily denied.

11. The purpose of a reconsideration motion is **to correct manifest errors of law or fact or to present newly discovered evidence**. *See, Burger King Corporation vs Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002), *quoting Z.K. Marine Inc. vs M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992).

12. Reconsideration however is to be employed **sparingly**, as the system will come to a grinding halt if courts and parties are continuously brought back to review and consider closed questions -- the case must move forward and dependability is necessary to get to closure. *See, e.g., Burger King supra* at 1370, *citing: Mannings vs. School Board of Hillsborough County*, 149 F.R.D. 235 (M.D. Fla. 1993); *Sussman vs Salem, Saxon & Nielsen, P.A.*, 153 F.R.D.

---

[1] At the Hearing, Ms. Paul announced that a separate motion to substitute had been filed and an order had yet to be entered; and, the Court repeatedly queried Ms. Paul (then-counsel of record) as to any objections to the Stay Relief request.

2

689, 694 (M.D. Fla. 1994); *Kuentz v. Goodyear Tire & Rubber Company*, 617 F.Supp. 11, 14 (N.D. Ohio 1985).

13. The Debtor's *Rehearing Motion* (DE#67) cites to no manifest error in the application or interpretation of the law nor are there cited manifest errors in the Court's finding of the facts, let alone newly discovered facts, presented to the Court; but, rather the Debtor simply wishes to re-argue matters in the *Rehearing Motion* (DE#67) which were, or could have been, made at the Stay Relief Hearing.

14. Rule 59(e) applies to motions to alter or amend some substantive aspect of a judgment (see *U.S. vs. Real Property, supra; Livernois vs. Medical Disposables, Inc.,* 837 F.2d 1018 (11th Cir. 1988) *(*motion had to be considered under Rule 59(e) because it required court to consider substantive law); *Finch vs. Vernon*, 845 F.2d 256 (11th Cir. 1988).

15. There is a three-prong test generally employed for determining whether "newly discovered evidence" furnishes grounds for a new trial: (1) the probability that the evidence would have changed the outcome of the trial; (2) whether the evidence could have been discovered earlier through the moving party's due diligence; and (3) whether the evidence is merely cumulative or impeaching. *See Farm Credit Bank v. Guidry,* 110 F.3d 1147, 1155 (5th Cir.1997); *Diaz v. Methodist Hosp.,* 46 F.3d 492, 495 (5th Cir.1995).

16. In the instant matter, the Debtor's sole argument is that he wants to lien strip the instant Secured Creditor and pay the other lien holders (whose claims exceed the value of the Subject Real Property (and includes the particular mortgage which was supposed to be satisfied with the proceeds of this Secured Creditor's mortgage and indeed was not!).

17. The Rehearing Motion lacks any argument regarding newly discovered evidence, a manifest error in law or even a manifest error in fact. The record has not changed since the Stay Relief Hearing.

18. Therefore all relief should be denied the Debtor.

WHEREFORE, Creditor respectfully requests that this Court: (i) deny Debtor all relief; (ii) award attorney fees and costs to the Creditor; and, (iii) grant any other relief the Court determines in just and proper under the circumstances.

Dated: December 7th, 2015.          Respectfully submitted,

/s/ JAMES B. MILLER
**JAMES B. MILLER, ESQ.**
Florida Bar Number 009164
jbm@title11law.com;bkcmiami@gmail.com
JAMES B. MILLER, P.A.
Biscayne Building, Suite 416
19 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 374-0200
Facsimile:    (305) 374-0250
Counsel for Harvard Financial Services, LLC

**I HEREBY CERTIFY** that I am admitted to the Bar for the District Court in and for the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of this Objection has been served *via* US Mail (postage prepaid first class) upon those named on the attached service list, and *via* CM/ECF, simultaneously with the filing of same with the Court this 7th day of December, 2015.

ECF LIST:

James B Miller, Esq on behalf of Creditor James B Harvard Financial Services, LLC  bkcmiami@gmail.com

Office of the US Trustee  USTPRegion21.MM.ECF@usdoj.gov

Robert Sanchez, Esq on behalf of Debtor Lawrence A. Dalrymple, Sr.
court@bankruptcyclinic.com, courtECFmail@gmail.com

Zach B Shelomith on behalf of Trustee Kenneth A Welt
zshelomith@lslawfirm.net, fplechacdiaz@lslawfirm.net;zshelomith@ecf.inforuptcy.com

Kenneth A Welt  fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

Respectfully submitted,

*/s/ JAMES B. MILLER*
JAMES B. MILLER, ESQ.
Florida Bar Number 009164